h COOKS, Judge.
The employer, Lassco Inc., appeals the judgment of the Office of Workers’ Compensation maintaining the employee’s exceptions of no cause of action and no right of action. For the following reasons, we affirm.
FACTS
Randall Johnson alleged he was injured on March 12, 1993, while in the course and scope of his employment with Lassco, Inc. Johnson alleged he hurt his back when a ratchet wrench he was using broke. Las-sco immediately began paying indemnity and medical benefits as required by the Louisiana Workers’ Compensation Act. After the accident, surgery was performed on Johnson’s lower back; and he has continued to require treatment for “failed back syndrome.” It was stipulated by the parties; formalized in a signed order, that Johnson was totally and permanently disabled. Since that time, Johnson has continued to receive indemnity benefits for total and permanent disability and medical treatment for his “failed back syndrome.”
On September 24, 1999, Lassco filed a 1008 claim with the Office of Workers’ Compensation (OWC) disputing “any causal connection between the Employee’s work accident and the Employee’s cervical complaints and/or medical treatment.” In response, Johnson filed an Answer to Las-sco’s claim. In the answer, Johnson wrote “[cjlaimant contends and employer disputes that claimant suffered injury to his cervical spine and that claimant is entitled to benefits including medical as a result of said injury.”
Lassco filed an amended claim 1008 on May 8, 2000, disputing “the nature and extent of the Employee’s disability” and contended “any cervical and/or carpal tunnel symptoms of the Employee, and treatment thereof, are unrelated to lathe Employee’s alleged on-the-job accident of March 12,1993.”
Johnson then filed peremptory exceptions of no cause and no right of action. Specifically, Johnson excepted to Lassco’s 1008 claim on the grounds it sought declaratory relief in a matter where the only controversy was hypothetical, because he had not made demand for any treatment relating to his neck.
Following a hearing, the workers’ compensation judge granted Johnson’s exceptions for the following reasons:
The employer has sought a declaratory judgment and a ruling from this court would amount to an advisory opinion. Further, the facts do not set forth a justiciable dispute. A justiciable controversy is an existing actual dispute which requests specific relief through a decree of conclusive character. In this case there is no existing actual and substantial dispute. The court agrees with the claimant that since he has filed no demand for the employer’s refusal to pay for medical treatment on the neck, a ruling on causation would essentially result in an advisory opinion as to causation. For these reasons, judgment is rendered accordingly.
*996 Lassco appealed the judgment of the OWC, contending it has the right to controvert Johnson’s entitlement to treatment for his cervical complaints.
ANALYSIS
Lassco argues La.R.S. 23:1310.4, as amended in 1988, allows for either the employee or the employer to initiate a claim with the OWC. It also notes La. R.S.23:1310.3 provides a “claim for benefits,” or “the controversion of entitlement to benefits” may be filed with the OWC. From these statutes, Lassco contends an employer may sue to controvert an employee’s entitlement to benefits even where the employee has not sued for benefits.
Johnson argues he has made no demand, judicial or otherwise, upon |3Lassco for payment or approval of medical treatment related to any cervical injuries. Thus, no bona fide dispute exists between employee and employer.
It is not disputed by Johnson that an employer has the right to controvert a claimant’s right to medical treatment of non work-related conditions, provided there is some proof in the record that the employee has taken some step toward having the employer pay for such treatment. Johnson maintains he made no demand for medical treatment relating to any cervical or carpal tunnel condition. There is nothing in the record to indicate otherwise. Dr. Stephen Flood, who was Johnson’s treating physician, testified his clinic never billed the workers’ compensation provider for treatment of any cervical or carpal tunnel complaints made by Johnson. The doctor also stated, as far back as May 1998, he determined “that [Johnson’s] neck complaints were not related to the 1993 injury.”
At the hearing on the matter, the only evidence Lassco offered to prove a dispute existed between the parties is Johnson’s statement in his answer that “[c]laimant contends and employer disputes that claimant suffered injury to his cervical spine and that claimant is entitled to benefits including medical as a result of said injury.” Johnson maintained this was not a demand made by him, but was simply an attempt to frame the dispute as it was alleged by the employer. Considering Johnson has never made demand for any medical treatment from Lassco for any cervical complaints, we find Johnson’s explanation for his answer is reasonable. We also note this statement in the answer came after the filing of the claim by Las-sco.
After a thorough review of the record, we find the workers’ compensation | Judge did not err in concluding that the facts alleged do not set forth a bona fide dispute; and, any ruling on causation is tantamount to an advisory opinion.
DECREE
For the foregoing reasons, the judgment of the OWC maintaining Randall Johnson’s exceptions of no cause and no right of action is affirmed. All costs of this appeal are assessed to appellant, Lassco, Inc.
AFFIRMED.